# EXHIBIT 1.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ST. JOSEPH HEALTH SYSTEM, a California Corporation, doing
**(AVISO AL DEMANDADO):** business as PETALUMA VALLEY HOSPITAL; SRM ALLIANCE
HOSPITAL SERVICES, a California Corporation, doing business as PETALUMA VALLEY HOSPITAL;
BLAINE CHRISTIAN, R.N., BILLIE YVONNE GUERRA, D.O., BILLIE Y. GUERRA, D.O., INC., a
California Corporation; KELLY SUE PFEIFER, M.D., and DOES 1-250, inclusive.

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ENDORSED
FILED

MAR 14 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:** Y█████ M█████, a minor,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** by and through his
guardian ad litem, ROCIO MENDEZ,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court County of Sonoma
Hall of Justice #106J
600 Administration Drive
Santa Rosa, California 95403-2818

**CASE NUMBER:** (Número del Caso): SCV 255734

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Bruce G. Fagel, State Bar No. 103674       (310) 281-8700
Law Offices of Bruce G. Fagel & Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210

DATE: MAR 14 2014         JOSE O. GUILLEN     Clerk, by HEIDE KEEBLE, Deputy
(Fecha)                                        (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. [X] as an individual defendant.
2. [✓] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [✓] by personal delivery on (date): 4/9/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California                    SUMMONS                Code of Civil Procedure §§ 412.20, 465

Legal Solutions

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>MAR 07 2014<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV 255134  |

A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT

1. THIS ACTION IS ASSIGNED TO HON. **Arthur A. Wick** FOR ALL PURPOSES.
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

| Date: 7/8/14 | Time: 8:30 | Courtroom: 19 |
|---|---|---|
| Location: 3055 Cleveland Ave. Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

CV-1 (Rev. February 19, 2013) NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC   CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583,410

ELECTRONIC SERVICE OF DOCUMENTS
Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | | |
|---|---|---|
| | SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| | SAVE TIME | Instant service of your documents on all parties |
| | SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| | GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: www.sonomacountybar.org. The Court does not endorse one provider over another.

To learn more about available e-service providers and their fees, please visit their website

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*


DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

Bruce G. Fagel, State Bar No. 103674
Law Offices of Bruce G. Fagel
& Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Tel: (310) 281-8700
Fax: (310) 281-5656
E-mail: brucefagel@fagellaw.com

Attorneys for Plaintiff

ENDORSED FILED

MAR 07 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SONOMA

Y█████ M█████, a minor, by and through his guardian ad litem, ROCIO MENDEZ,

    Plaintiff,

vs.

ST. JOSEPH HEALTH SYSTEM, a California Corporation, doing business as PETALUMA VALLEY HOSPITAL; SRM ALLIANCE HOSPITAL SERVICES, a California Corporation, doing business as PETALUMA VALLEY HOSPITAL; ELAINE CHRISTIAN, R.N., BILLIE YVONNE GUERRA, D.O., BILLIE Y. GUERRA, D.O., INC., a California Corporation; KELLY SUE PFEIFER, M.D., and DOES 1-250, inclusive,

    Defendants.

Case No. SCV 255134

COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE

    Plaintiff, through counsel, alleges in his complaint for damages for medical malpractice as follows:

    1.    The true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants DOES 1 through 250, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants

1

Complaint for Damages for Medical Malpractice

are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

2. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiff as herein alleged.

3. All of the facts, acts, injuries, events and circumstances herein mentioned and described occurred in the County of SONOMA, State of California, and all Defendants are residents of the Counties of SONOMA, State of California, doing business in said County of SONOMA, State of California.

4. At all times herein mentioned, Defendants BILLIE YVONNE GUERRA, D.O., KELLY SUE PFEIFER, M.D.. and DOES 1 through 50, inclusive, were, and now are, physicians and surgeons, holding themselves out as duly licensed to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California.

5. At all times herein mentioned, Defendants ELAINE CHRISTIAN, R.N., DOES 51 through 100, inclusive, were, and now are, registered nurses, nurse practitioners, nurse midwives, licensed vocational nurses, practical nurses, physician assistants, aids, technicians, attendants, students or other paramedical personnel, holding themselves out as duly able to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California and acting as agents, employees and servants of some or all of the other

Defendants within the course and scope of said agency or employment.

6. At all times herein mentioned, Defendants ST. JOSEPH HEALTH SYSTEM, doing business as PETALUMA VALLEY HOSPITAL, SRM ALLIANCE HOSPITAL SERVICES, doing business as PETALUMA VALLEY HOSPITAL, BILLIE Y. GUERRA D.O., INC., and DOES 101 through 150, and each of them, were corporations, partnerships, joint ventures, or other entities organized and existing under the laws of the State of California, and other states, with their principal place of business situated in the State of California and other states.

7. Defendants ST. JOSEPH HEALTH SYSTEM, doing business as PETALUMA VALLEY HOSPITAL, SRM ALLIANCE HOSPITAL SERVICES, doing business as PETALUMA VALLEY HOSPITAL, and DOES 101 through 150, and DOES 151 through 200, inclusive, were at all times herein mentioned duly organized California corporations or hospitals or clinics, existing under and by virtue of the laws of the State of California and other States; that said Defendant corporations, hospitals and the remaining Defendants, and each of them, owned, operated, managed and controlled a general hospital facility and clinic within the County of SONOMA, State of California, held out to the public at large and to the Plaintiff herein, as properly equipped, fully accredited, competently staffed by qualified and prudent personnel and operating in compliance with the standard of due care maintained in other properly equipped, efficiently operated and administered, accredited hospitals and clinics in said community.

8. At all times herein mentioned Defendants DOES 201 through 250 were doing business as a district or County hospital or clinic, and DOES 240-250, a hospital operated by a government entity or medical clinic or hospital, open to the public, or a medical facility or clinic,

operated by a government entity open to the public rendering medical, surgical, hospital, diagnostic, nursing and other care to the general public for compensation.

9. Each of the Defendants was the agent, servant, and employee, partner, and joint venturer, of the other Defendants. All of the acts complained of herein by Plaintiffs against said Defendants were done and performed by said Defendants by and through their duly authorized agents, servants and employees, each of whom and all of whom were at all times mentioned herein acting within the course, purpose, and scope of their said agency, service and employment, and whose conduct was ratified by all Defendants, and each of them; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner.

I.

PLAINTIFF Y█████ M█████, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, ROCIO MENDEZ, ALLEGES FOR A CAUSE OF ACTION FOR MEDICAL MALPRACTICE AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:

10. Plaintiff Y█████ M█████ repeats and repleads each and every allegation contained each of the foregoing paragraphs, and incorporates the same herein by reference.

11. On or about the date of the filing of the complaint, plaintiff's mother, ROCIO MENDEZ was by order duly made and entered by the above entitled Court, appointed Guardian ad Litem of Plaintiff Y█████ M█████ a minor, born May 21, 2007.

12. At all times herein mentioned, and prior thereto, the Plaintiff was in the exclusive control of the Defendants, and each of them, and that at no time prior to the events, conduct, activities, care

4

Complaint for Damages for Medical Malpractice

and treatment herein complained of did the Defendants herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

13. On or about May 21, 2007, and thereafter, ROCIO MENDEZ, employed Defendants, and each of them, to diagnose and treat and care for Y███ M███'s medical condition and to do all things necessary for his care and treatment including, but not limited to, labor, delivery, hospitalization, and nursing care and other medical treatment.

14. While minor Plaintiff Y███ M███ was under the sole and exclusive care and control of the Defendants, and each of them, Defendants, and each of them negligently, carelessly and unskillfully selected various hospitals and physicians and other health care providers, and further negligently examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff as hereinafter alleged. Said acts of negligence include, but are not limited to, failing to diagnose or treat or care for the plaintiff's fetal distress and perinatal asphyxia, such that he was not timely delivered and suffered severe brain damage from lack of oxygen, and other neurological injuries.

15. Defendants ST. JOSEPH HEALTH SYSTEM doing business as PETALUMA VALLEY HOSPITAL, SRM ALLIANCE HOSPITAL SERVICES doing business as PETALUMA VALLEY HOSPITAL and DOES 101 through 150, and, and

1 DOES 151-200, failed and neglected to adequately select a competent
2 medical staff and to periodically review the competency of its medical
3 staff, and failed to adequately monitor its staff such that the minor
4 Plaintiff was caused to, and did suffer injuries and damages as herein
5 alleged.

6     16. As a legal result of the negligence of the Defendants, and
7 each of them, the minor Plaintiff was injured in health, strength and
8 activity, sustaining severe shock, and injury to the body, all of which
9 said injuries have caused and continue to cause Plaintiff great
10 physical, emotional, and nervous pain and suffering, and which said
11 injuries Plaintiff is informed and believes, and thereon alleges, will
12 result in loss of earnings, permanent disability, loss of enjoyment of
13 life, and impairment of earning capacity all to Plaintiff's damage in a
14 sum in excess of the jurisdiction of the Municipal Court.

15     17. As a further legal result of the negligence of the
16 Defendants, and each of them, and the resulting injuries to the
17 Plaintiff, said Plaintiff was compelled to, and did, incur expenses for
18 medical and surgical attention, hospitalization, nursing, medication
19 and incidentals for said Plaintiff in an amount unknown to Plaintiff at
20 present.

21     18. As a further legal result of the negligence of the
22 Defendants, and each of them, and of the resulting injuries, Plaintiff
23 will be obliged to incur expenses for medical care and hospitalization
24 for an indefinite period in the future and to pay for these expenses in
25 the treatment and relief of injuries for medical and surgical
26 attention, hospitalization, nursing, medication, and incidentals for
27 said Plaintiff in an amount unknown to Plaintiff at present.

28     19. As a further legal result of the negligence of the

Law Offices
of
Bruce G. Fagel
&
Associates

6

Complaint for Damages for Medical Malpractice

Defendants, and each of them, Plaintiff will suffer a decreased earnings and earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

WHEREFORE, Plaintiff prays for damages against the Defendants, and each of them, as follows:

FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF Y▮▮▮▮ M▮▮▮▮, A MINOR:

1. General damages, according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Costs of suit incurred herein, and
5. For such other and further relief as to the Court appears just and proper.

DATED: March 5, 2014

Law Offices of Bruce G. Fagel and Associates

By: /s/ Akemon

Bruce G. Fagel.
Attorneys for Plaintiff