UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.M.,<br><br>   Plaintiff,<br><br>   v.<br><br>ST. JOSEPH HEALTH SYSTEM, et al.,<br><br>   Defendants. | Case No. 14-cv-04654-JST<br><br>**ORDER GRANTING PETITION FOR MINOR'S COMPROMISE AND PETITION FOR ESTABLISHMENT AND APPROVAL OF SPECIAL NEEDS TRUST**<br><br>Re: ECF No. 43 |

Before the Court is a Petition for Minor's Compromise, ECF No. 43, and a separately filed Petition for Establishment and Approval of Special Needs Trust, ECF No. 50. The Court will grant the petitions.

## I.   BACKGROUND

At issue are two consolidated cases, Case No. 3:14-cv-04654-JST and Case No. 3:15-cv-00049-JST, filed by Plaintiff Y.M., a minor, by and through his guardian ad litem, Rocio Mendez. As summarized by Plaintiff in his petition, the case concerns "severe and permanent neurologic injuries" to Y.M. "as a result of severe birth asphyxia suffered during his birth." ECF No. 43 at 3. Y.M. "will require 24 hour attendant care for all activities of daily living for the rest of his life" and "[h]is life expectancy has been significantly reduced." Id. The initial complaint, filed in Sonoma County Superior Court, alleges a negligence claim against Defendants in their selection of physicians and health care providers, and in the treatment and diagnosis of Y.M. ECF No. 1-1 ¶ 14.

The two cases, which were brought against different Defendants, were consolidated on February 25, 2015. ECF No. 22. By joint stipulation, all events in the case were vacated and continued on February 29, 2016, in light of completed settlement discussions, ECF No. 42, and the

instant Petition for Minor's Compromise was filed on May 10, 2016, ECF No. 43. A Petition for Establishment and Approval of Special Needs Trust was later filed on June 2, 2016.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v. U.S., 724 F.2d 1357, 1363 (9th Cir. 1983). Courts should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1182.

In evaluating a settlement, the district court "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id.

## III. DISCUSSION

The minor's compromise proposed by the parties is for a total amount of $8.5 million, with $4.5 million paid by Petaluma Hospital and $4 million paid by the U.S.A., subject to approval by the Justice Department. ECF No. 43 at 4. The parties have divided this amount as follows:

- $250,000 held for attorney's costs. Any net balance will be returned to Y.M.'s Special Needs Trust.
- $300,000 held for payment of Medi-Cal lien. Any net balance will be returned to Y.M.'s Special Needs Trust.
- $950,000 paid to Y.M.'s parents, Alejandro and Rocio Mendez, and their son D.M., in exchange for waivers of any future potential wrongful death claims.

2

- - $214,166 allocated for attorney's fees
  - $710,834 allocated to Alejandro and Rocio Mendez
  - $25,000 allocated to D.M., as potential heir to estate of Y.M.
- $7 million as net recovery to Y.M.
  - $1 million for attorney's fees pursuant to FTCA
  - $521,166 attorney fee in State Court pursuant to Cal. Bus. & Prof. Code § 6146
  - $5,478,334 remaining balance
    - $4.5 million annuity purchased from American General
    - $978,334 placed in Special Needs Trust for Y.M. at Wells Fargo Bank

ECF No. 43 at 4-5.

Upon consideration of the minor's claims, the terms of the settlement, and recoveries in similar cases, the Court finds the settlement to be fair and reasonable. Plaintiff notes that the parties engaged in extensive discovery before participating in mediation in February of 2016. ECF No. 43 at 4; ECF No. 43-3 ¶ 3 (describing discovery and depositions taken). The $4.5 million annuity in Y.M.'s name will provide $12,470.75 per month during the life of Y.M. with a 2% annual increase and a 15-year guarantee. ECF No. 43 at 5. Accordingly, the compromise is approved.

In addition, Plaintiff and his guardian ad litem have petitioned the Court for approval of the proposed Special Needs Trust for Y.M. pursuant to Cal. Prob. Code § 3604 and 42 U.S.C. § 1369p(d)(4)(A). ECF No. 50. Under section 3604(b) of the California probate code, a special needs trust must meet three requirements:

> (1) That the minor or person with a disability has a disability that substantially impairs the individual's ability to provide for the individual's own care or custody and constitutes a substantial handicap[;]
>
> (2) That the minor or person with a disability is likely to have special needs that will not be met without the trust[; and]
>
> (3) That money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet the special needs of the minor or person with a disability.

Here, the Plaintiff has alleged that Y.M.'s cerebral palsy, microcephaly, G-tube

3

dependence and developmental delay constitute disabilities that substantially impair his ability to provide for his own care, and that they are a substantial handicap. The Court agrees and further concludes that Y.M.'s special needs will not be met without the trust, and that the money paid to the trust does not exceed the amount that appears reasonably necessary.

The Court also concludes that the proposed trust complies with the requirements of Cal. Rule of Court 7.903. See Guerrero v. Brentwood Union Sch. Dist., No. C 13-03873 LB, 2014 WL 1351208, at *3 (N.D. Cal. Apr. 4, 2014) (requiring compliance of special needs trust with Cal. Rule of Court 7.903). The petition alleges that (1) the trust does not contain a "no contest" provision; (2) the trust prohibits revocation or modification without Court order; (3) the trust clearly identifies the trustee; (4) the trust limits investments to those authorized by Cal. Prob. Code § 2574 or court order; (5) no posted bond is required pursuant to Cal. Prob. Code § 15602(e); (6) Wells Fargo will file accountings and reports required by the Probate Code; (7) the Court will appoint any successor to Wells Fargo as trustee; and (8) the trustee is entitled to fees as determined by the Court. ECF No. 50 at 4-6.

Finally, Petitioner requests that the Court transfer jurisdiction over the trust to the Probate Department of Sonoma County. This transfer is authorized by Cal. Prob. Code § 3604(a)(1).

Accordingly, the Court grants both the petition for minor's compromise and the petition for a special needs trust.

**CONCLUSION**

The Court hereby orders as follows:

1. The settlement as described in the Petition for Compromise for the Claim of Y.M., ECF No. 43 and supporting exhibits is approved.

2. $25,000 from the settlement amount shall be deposited in an interest-bearing federally insured blocked account belonging to minor D.M. No withdraw of principal or interest shall be made from the blocked account without a written order from the Court until the minor reaches the age of 18 years.

3. The Special Needs Trust as described in the Petition for Establishment and Approval of Special Needs Trust, ECF No. 50 is established.

4

4. The Trustee is authorized to invest in mutual funds, including proprietary mutual funds, and in bonds that mature in more than 5 years. The Trustee is authorized to employ Petitioner as a caregiver, and to pay her up to $4,000 per month, subject to a 2% annual cost of living increase. The Trustee is authorized to spend up to $75,000 of the Trust assets to purchase and modify a van that can be used for the transportation needs of Y.M.

5. Supervision over the Special Needs Trust is remanded to the Superior Court for the County of Sonoma.

6. A Further Case Management Conference is scheduled for September 28, 2016, at 2:00 p.m. If this case has been dismissed prior to that date, the CMC will go off calendar.

IT IS SO ORDERED.

Dated: June 15, 2016



JON S. TIGAR
United States District Judge